# EXHIBIT A

## In The Circuit Court of Cook County, Illinois
### County Department, General Chancery Division.

| | |
|---|---|
| Muhammad Bey, beneficial owner, and 1st lien holder, for MUHAMMAD LAWAL )<br><br>Plaintiff(s) )<br><br>Vs. )<br><br>Michael Corbat doing business as Chief Executive Officer of Citigroup Investment Inc dba Citibank a.k. a Citicorp Credit Services, Inc. (USA) combined with derivatives and all successors and assigns )<br><br>Mark Begor doing business as Chief Executive Officer of Equifax Inc, conjoined with derivatives, successors and assigns )<br><br>Brian Cassin doing business as Chief Executive Officer of Experian Information Solution Inc., conjoined with derivatives, successors and assigns )<br><br>Defendant(s) ) | Case No.<br><br>Claim Amount: $36,400,000<br><br>Verified Complaint for Damage<br><br>Trial Date: _____<br><br>Time: _____ AM _PM_<br><br>Room _____<br><br>Trial by Jury Demanded<br><br>Speedy Trial Demanded |

### Complaint for Penalties

1. This action is brought by Plaintiff for violation of 1870 Illinois Constitution Article II sections 1,2,6,13,and 14, Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI §604, §618 et, al Fair Credit Reporting Act, Public Act 97-1108 Chapter 38 part 32-7 Simulation of Legal Process, Public Act 101-0324 Section 16-30 §(a)(1), § (a)(3), § (a)(4), and § (a)(7) Identity Theft, including specific performance, misleading and deceptive business practices, and possible racketeering activities.
2. Michael Corbat doing business as Chief Executive Officer Citigroup dba Citibank a.k. a Citicorp Credit Services, Inc. (USA) combined with derivatives and all successors and assigns, is herein referred to as first defendant.
3. Mark Begor doing business as Chief Executive Officer Equifax Inc., conjoined with derivatives, successors and assigns, is herein referred to as second defendant
4. Brian Cassin doing business as Chief Executive Officer of Experian Information Solution Inc., conjoined with derivatives, successors and assigns is herein referred to as third defendant.
5. First, second and third defendants are collectively referred to as defendants herein.

### Jurisdiction and Venue

6. Circuit Court of Cook County, Illinois County Department, General Chancery Division has jurisdiction pursuant to Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI § 618 et, al. and 1870 Illinois Constitution Article VI §12.
7. Venue is proper as occurrences which give rise to this action took place within Cook County, Illinois State. Plaintiff have exhausted due process in good faith, every conditions precedent to bringing of this action has been performed.
8. Defendants have established sufficient minimum contact within Illinois by registering for compliance and designating registered agents within Illinois. Thereby submitting to the jurisdiction of Illinois courts.

### Parties

9. Plaintiff(s) Muhammad Bey is now and at all times relevant to this action a natural person. Plaintiff(s) are 'consumers' as that term is defined within Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI § 603(c)
10. First defendant's corporation is a corporation under the laws of Illinois with file numbers 00108800, 61992103, and 59688847, registered Agent CT Corporation. located at 208 South LaSalle Street, suite 814, Chicago, Illinois 60604, evidenced by Office of Illinois Secretary of State Corporation File Detail Report public record. See Exhibit D.
11. First defendant is a credit furnisher as that term is defined by Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI et seq.
12. Second defendant's corporation is a corporation under the laws of Illinois with file number 62492848, registered Agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703, evidenced by Office of Illinois Secretary of State Corporation File Detail Report public record. See Exhibit D.

1

13. Third defendant's corporation is corporation under the laws of Illinois with file number 59121618, registered Agent CT Corporation located at 208 South LaSalle Street, suite 814, Chicago, Illinois 60604, evidenced by Office of Illinois Secretary of State Corporation File Detail Report public record. See Exhibit D.
14. Second and third defendants are credit reporting agencies as that term is defined by Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI §603(f).

## Undisputed material facts

15. Below causes of actions constitute undisputed material facts.
16. Plaintiff on or about November 18, 2019, and November 25, 2019 obtained his three consumer reports from the three (3) major National consumer reporting agencies Equifax, Transunion and Experian. Plaintiff at this time discovered an impermissible inquiry by first defendant using business name Citi Cards/CitiBank to obtain plaintiff' consumer credit report on September 4, 2019.
17. Accordingly, discovery of the violation stated herein occurred on or around November 18, 2019, and November 25, 2019 and are within the statute of limitations as defined in Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI §618(1) and (2)

## First Cause of Action
## Violation of Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI et al. Fair Credit Reporting Act
## (Defendants)

18. Previous paragraph are re-affirmed as though fully set out herein.
19. Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI § 604 define permissible purpose for which a person may obtain a consumer credit report.
20. Such permissible purposes are if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving consumer or is offered a bona fide offer of credit as a result of the inquiry.
21. Plaintiff never applied for any credit, service, employment, or any contract resulting in an account in favor of first defendant as defined in Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI § 604.
22. At no time did Plaintiff give first defendant permission to obtain his or his property's consumer credit report from any credit reporting agency.
23. Further there is no evidence that first defendant has any valuable consideration to extend to plaintiff in form of credit. There is no evidence that first defendant has its own assets beyond that of other people's which it cannot extend as credit to plaintiff. No action arises on a naked contract without a consideration.
24. Plaintiff is wholly unaware of how first defendant has obtained his private information. There exist no evidence that defendant did not willfully obtain plaintiff's information under false pretenses. As a result, this causes plaintiff immense mental, spiritual, and physical pain. Further, this also caused plaintiff's relationship with friends and family to deteriorate due to stress and humiliation.
25. Such impermissible credit inquiry irreparably damaged plaintiff and plaintiff property's credit worthiness, given that nine (9) days after such impermissible credit inquiry, the credit score decreased by 4 points. See Exhibit E
26. Every points decreased in credit report is a loss in purchasing power with any actual creditors that plaintiff willingly enter into conscionable contracts with.
27. Prior to bringing this claim, plaintiff sent three separate notices to first defendant, second defendant and third defendant regarding plaintiff's good faith dispute and of defendants' violation in an attempts to mitigate damages caused to plaintiff.
28. All three separate notices to the defendants had exact verbiage in order to preserve plaintiff's intent and for purpose of consistency. These notices to defendants were sent via United States Post Office certified mails. See Exhibit F.
29. Plaintiff made it clear without ambiguity that such notices are contracts where specific performances of presenting evidence of contract and other admissible material facts that allows such hard inquiry to be made are required, whereas if such contracts and admissible material facts are not presented, then first, second, and third defendants are liable for damages caused against plaintiff and his personal properties and effects. Said contract further required the immediate removal of the impermissible inquiry if no evidence is provided. These performances were dishonored in bad faith.
30. In good faith, and to remove presumptions of improper service, every identical notices sent to first defendant by plaintiff were sent to the address located in the credit report P.O. Box 6241 Sioux Falls South Dakota 57117, and to the New York headquarters location 388 Greenwich Street New York, New York 10013.

31. First notices were sent to defendants around January 21, 2020. Till date, more than four (4) months later, defendants have acquiesced and have failed to introduce into evidence any substantive material facts that the credit inquiry was not impermissible, no evidence exist that first defendants' actions were in good faith.
32. Such impermissible credit inquiry still remains, thus continuous and irreparable damage is still being performed willfully by defendants.
33. Plaintiff once more in good faith, provided defendants identical settlement offers and intent to sue notices directly, and via defendants' registered agents as provided by Offices of Secretary of State Illinois(all defendants), New York(first defendant), Delaware(first defendant), California(third defendant), Ohio(third defendant), Georgia(second defendant) and South Dakota(third defendant), business registration information available to the public. These notices were sent via United States Post Office Registered Mails. See Exhibit D.
34. Defendants had a duty to properly ascertain if there was in fact any legitimate permissible purpose for obtaining Plaintiff's consumer credit report. Defendants however willfully breached said fiduciary duty by failing to do so.
35. A contract is a law between the parties, which can acquire force only by consent. A contract founded on an unlawful consideration, or against good morals, is null
36. First defendant and their registered agent attempted to abate liability via deceptive business practices, misrepresentation and dishonorable actions by sending frivolous correspondence addressing matters completely unrelated whereby stating that they have no record of being registered agents for Michael Corbat or Wendy Brotherton, whereas the intent to sue and settlement offer made it clear and plain that such settlement offers and intent to sue were sent on behalf of firs defendant. All such claims were promptly rebutted and returned to respective senders. See Exhibit G
37. Such actions by defendants constitute undue delay to the detriment of plaintiff in recovering damages and relief.
38. There exist no evidence that defendants had a right of claim or lien against the credit file or against plaintiff's property and effects. Plaintiff is entitled to damages and other performances to be enforced against defendants.
39. First defendant further initially claim they don't have such record of credit inquiry despite copies of credit reports from Equifax and Experian provided to them with all three separate notices.
40. Whereas after already being in dishonor and after the third notice, first defendant then claimed that they do in fact have record of them performing a credit inquiry, but refused to remove it and further failed to provide any admissible evidence of such inquiry being permissible.
41. To check whether an inquiry is being reported is not same as to validate its existence via production of admissible evidence that plaintiff consented to such hard inquiry.
42. A mere claim that an application was made, is not admissible as evidence that plaintiff consented to such hard inquiry.
43. There exist no evidence defendants are real party of interests, and there exist no evidence plaintiff is not the real party of interest.
44. There is no genuine issue of material fact.
45. The action of first defendant described above is a willful violation of Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI § 604.
46. The actions of second and third defendant in relinquishing plaintiff's private information to first defendant without validation or affirmation of first defendant's allegation, and refusal to remove the hard inquiry is a willful violation of Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI § 604, and willful encroachment upon affiant's private rights.

### Second Cause of Action
### Simulation of Legal Process: Public Act 97-1108 Chapter 38, part 32-7
### (Defendants)

47. The actions described above constitute mens rea simulation of legal process performed in bad faith by defendants.

### Third Cause of Action
### Identity Theft: Public Act 101-0324 Section 16-30 §(a)(1), § (a)(3), § (a)(4), § (a)(7) Identity theft; aggravated identity theft., and § (e)(1)(A)(iv) Sentence
### (Defendants)

48. The actions described above constitute identity theft performed in bad faith by defendants, as plaintiff is wholly unaware of how defendant has obtained his private information. Plaintiff has provided extended effort and opportunities to defendants to prove how and these information were obtained, and defendants refuse to answer, thus there exist no evidence that defendant did not willfully obtain plaintiff's information under false pretenses and aggravated same issue.

3

49. Defendants. natural persons dba as CEO in their private capacity, qualify as prescribed by Public Act 101-0324 Section 16-30§ (e)(1)(A)(iv) Sentence, as actions of defendants described above constitute theft of affiant's property and theft t of affiant's credit. Whereas affiant's property and credit has the spending power of at least $10,000 worth.

## Fourth Cause of Action
## Unjust Enrichment
## (Defendants)

50. Every actions described above constitute unjust enrichment performed in bad faith by defendants, as there is no evidence that defendants are not gaining monies from obtaining and utilizing and reporting plaintiff's information.

## Fifth Cause of Action
## Impairment of obligation of contracts 1870 Illinois Constitution Article II Bill of Rights §1, §14

51. Actions of defendants' not having any agreement or contract and failing to introduce any into evidence which ought to warrant the hard inquiry and further dishonour of private contract created with defendants via affiant's notices and failure to rebut same constitute impairment of obligation of contracts by defendants.

## Sixth Cause of Action
## Undue hardship and undue delay of remedy for injuries done to properties and effects 1870 Illinois Constitution Article II Bill of Rights §19
## (Defendants)

52. The actions described above constitute undue hardship, undue delay and denial in affording plaintiff his substantive remedy and affirmed rights, performed in bad faith by defendants.

## Seventh Cause of Action
## Violation and wilful denial of due process 1870 Illinois Constitution Article II Bill of Rights § 1, § 2

53. The actions described above constitute Violation and wilful denial of due process performed in bad faith by defendants.

## Eight Cause of Action
## Encroachment on private property and effects 1870 Illinois Constitution Article II Bill of Rights § 1, § 6, § 13.

54. The actions described above constitute defendant's wilful encroachment on affiant's private property and effects.

## Ninth Cause of Action
## Violation of privacy: 1870 Illinois Constitution Article II Bill of Rights §1, §6 §13,
## (Defendants)

55. At no time did Plaintiff give defendant permission to obtain his or his property's consumer credit report from any credit reporting agency. The actions of defendants described above constitute wilful and an egregious violation of Plaintiff's right to privacy

## Tenth Cause of Action
## Racketeering Activities: Public Law 91-508 2nd Session 91st Congress Vol 84 Title VI §619. Obtaining information under false pretenses
## (Defendants)

56. The actions described above may constitute mens rea racketeering violations performed in bad faith.

## Eleventh Cause of Action
## False representation, unfair, misleading and deceptive business practice
## (Defendants)

57. The actions described above constitute unfair, false representations, misleading and deceptive business practices performed in bad faith by defendants.

### Twelfth Cause of Action
### Loss of Consortium

58. Plaintiff is wholly unaware of how first defendant has obtained his private information, to which second and third defendants abetted. There exist no evidence that defendant did not willfully obtain plaintiff's information under false pretenses. As a result, this caused plaintiff immense mental, spiritual, and physical pain and imbalance. This caused plaintiff's relationship with friends and family to deteriorate and suffer due to stress and humiliation.

### Demand for Relief to be granted.

59. Plaintiff demand judgement for actual damages of $1,000.00 against first defendant for false and misleading representations.
60. Plaintiff demand judgement for actual damages of $1,000.00 against second defendant for false and misleading representations.
61. Plaintiff demand judgement for actual damages of $1,000.00 against third defendant for false and misleading representations.

62. Plaintiff demand judgement for statutory damages of $1,000.00 against first defendant for willful noncompliance.
63. Plaintiff demand judgement for statutory damages of $1,000.00 against second defendant for willful noncompliance.
64. Plaintiff demand judgement for statutory damages of $1,000.00 against third defendant for willful noncompliance.

65. Plaintiff demand judgement for compensatory damages of $1,000.00 against first defendant for gross negligence.
66. Plaintiff demand judgement for compensatory damages of $1,000.00 against second defendant for gross negligence.
67. Plaintiff demand judgement for compensatory damages of $1,000.00 against third defendant for gross negligence.

68. Plaintiff demand judgement for compensatory damages of $3,000.00 for undue hardship against first defendant.
69. Plaintiff demand judgement for compensatory damages of $3,000.00 for undue hardship against second defendant.
70. Plaintiff demand judgement for compensatory damages of $3,000.00 for undue hardship against third defendant.

71. Plaintiff demand judgement for compensatory damages of $4,000.00 against first defendant for cost of time, resource, and energy in anticipation, and preparation of mitigation and litigation.
72. Plaintiff demand judgement for compensatory damages of $4,000.00 against second defendant for cost of time, resource, and energy in anticipation, and preparation of mitigation and litigation.
73. Plaintiff demand judgement for compensatory damages of $4,000.00 against third defendant for cost of time, resource, and energy in anticipation, and preparation of mitigation and litigation.

74. Plaintiff demand judgement for compensatory damages of $10,000.00 for loss of consortium against first defendant
75. Plaintiff demand judgement for compensatory damages of $10,000.00 for loss of consortium against second defendant.
76. Plaintiff demand judgement for compensatory damages of $10,000.00 for loss of consortium against third defendant

77. Plaintiff demand judgement for compensatory damages of $20,000.00 against first defendant for violation of privacy
78. Plaintiff demand judgement for compensatory damages of $20,000.00 against second defendant for violation of privacy
79. Plaintiff demand judgement for compensatory damages of $20,000.00 against third defendant for violation of privacy

5

80. Plaintiff demand judgement for compensatory damages of $50,000.00 against first defendant for denial of due process in bad faith.
81. Plaintiff demand judgement for compensatory damages of $50,000.00 against second defendant for denial of due process in bad faith..
82. Plaintiff demand judgement for compensatory damages of $50,000.00 against third defendant for denial of due process in bad faith.

83. Plaintiff demand judgement for compensatory damages of $3,000,000.00 against first defendant for identity theft of plaintiff and his properties in bad faith.
84. Plaintiff demand judgement for compensatory damages of $3,000,000.00 against second defendant for identity theft of plaintiff and his properties in bad faith
85. Plaintiff demand judgement for compensatory damages of $3,000,000.00 against third defendant for identity theft of plaintiff and his properties in bad faith.

86. Plaintiff demand judgement for damages of $50,000 for breach of contract against first defendant.
87. Plaintiff demand judgement for damages of $50,000 for breach of contract against second defendant.
88. Plaintiff demand judgement for damages of $50,000 for breach of contract against third defendant.

89. Plaintiff demand judgement for punitive damages of $3,000,000.00 against first defendant for willful simulation of legal process.
90. Plaintiff demand judgement for punitive damages of $3,000,000.00 against second defendant for willful simulation of legal process.
91. Plaintiff demand judgement for punitive damages of $3,000,000.00 against third defendant for willful simulation of legal process

92. Plaintiff demand judgement for damages of $6,000,000.00 against first defendant for unjust enrichment, unfair business practices and dishonour
93. Plaintiff demand judgement for damages of $6,000,000.00 against second defendant for unjust enrichment, unfair business practices and dishonour.
94. Plaintiff demand judgement for damages of $6,000,000.00 against second defendant for unjust enrichment, unfair business practices and dishonour.

95. Plaintiff demand immediate removal of the hard inquiries on consumer report submitted to consumer reporting agencies in the instant matter.

Plaintiff declare under laws of United States of America that everything herein is true and correct to best of plaintiff's knowledge and belief.

Presented and tendered this 21st day of July 2020.

By hand delivery

By: _Muhammad Bey_ non-assumpsit liable
UCC 1-103.6 UCC 1-308, UCC 1-301 UCC 1-107
Muhammad Bey, Registered Owner
Of LAWAL MUHAMMAD corp. sole
Dba MUHAMMAD LAWAL
c/o [16260 Louis Ave, #1124]
[Illinois] state Republic
Near; [60473]

State of Illinois )
)ss.
County of Santa Clar )
I have hereunto set my hand and seal of office On this, 21st Day of July, 2020 Notary Public
_Joshua Boyd_.
Seal:

OFFICIAL SEAL
JOSHUA BOYD
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 10, 01, 2023