IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MUHAMMAD BEY, beneficiary owner, and 1st lien holder, for MUHAMMAD LAWAL,<br><br>   Plaintiff,<br><br> vs.<br><br>CITIGROUP INVESTMENT INC., EQUIFAX INC., and EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>   Defendants. | Case No. 20 C 5211 |

### ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

In May 2021, the Court dismissed *pro se* plaintiff Mohammed Bey's claim under the Fair Credit Reporting Act against Citibank N.A. and two credit reporting agencies: Experian Information Solutions Inc. and Equifax Inc. *See Bey v. Citibank, N.A.*, No. 20 C 5211, 2021 WL 1853231 (N.D. Ill. May 10, 2021). Bey then filed an amended complaint. The defendants have moved to dismiss it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The factual background as alleged by Bey is as follows. He learned that Experian and Equifax had provided his credit report to Citibank. His credit score dropped as a result of this. Bey inquired and was provided information from Experian and Equifax indicating that they had furnished the report to Citibank because he had applied for credit with Citibank. Bey alleges this is untrue; he says he did not apply for credit.

The Fair Credit Reporting Act permits a credit reporting agency to furnish a

consumer report to a person which it has reason to believe intends to use it for certain specified purposes, including (as applicable here) the requester's intent "to use the information in connection with credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  15 U.S.C. § 1681b(a)(3)(A).  Bey contends that this provision does not apply because he did not have or apply for credit with Citibank.  He has sued claiming that the defendants are liable under the FCRA because they provided (Experian and Equifax) and obtained (Citibank) his credit report for an impermissible purpose.

1.   **Citigroup**

In his amended complaint, Bey identifies the Citibank defendant as "Citigroup Investment Inc. a/k/a Citibank a/k/a Citicorp Credit Services, Inc. (USA)."  The Court will refer to this defendant as Citigroup.  Bey's claim against Citigroup arises under 15 U.S.C. § 1681n(b), which provides that a person who obtains a consumer report under false pretenses or knowingly without a permissible purpose is liable for the consumer's actual damages, or statutory damages of $1,000, whichever is greater.  Bey has sufficiently alleged this as to Citigroup:  he says he did not apply for credit with the company, and his materials include a plausible basis for an allegation that Citigroup told the credit reporting agencies otherwise.  Citigroup is not entitled to dismissal.

2.   **Equifax and Experian**

Bey's claims against Equifax and Experian are asserted under 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1681o.  Under 15 U.S.C. § 1681n(a), a person who willfully fails to comply with a requirement under the FCRA is liable to the consumer for actual

damages or statutory damages from $100 to $1000, as well as punitive damages. Under 15 U.S.C. § 1681o, a person who negligently fails to comply with a requirement under the statute is liable to the consumer for the consumer's actual damages; statutory and punitive damages are not available for negligent noncompliance.

Bey's claims against Experian and Equifax depend on whether the credit reporting agencies complied with a provision of the FCRA that requires credit reporting agencies to maintain reasonable procedures "designed . . . to limit the furnishing of consumer reports" to the purposes listed in the statute. 15 U.S.C. § 1681e(a). Bey alleges that the two agencies failed to maintain reasonable procedures that would have prevented Citigroup from improperly obtaining his credit report.

The defendants say that Bey's allegation is conclusory and unsupported, and that he offers no evidence to support it. How could he? He has had no opportunity for discovery. At this point what Bey has is his statement that he did not apply for credit with Citigroup; Equifax's and Experian's statements that they gave his information to Citigroup based on the proposition that he had applied for credit from Citibank; and his own knowledge that this proposition is false.[1] That's all Bey knows about what happened with Equifax and Experian, and that's all he can be expected to know at this point. In fact that's all *anyone* in Bey's shoes—whether *pro se* or represented—would be expected to know at this point, unless the credit reporting agencies voluntarily coughed up the documentation from Citigroup supporting its request for Bey's credit

---

[1] The Court adds, as it made clear in its earlier decision in this case, that Bey's inclusion with his complaint of documents in which Experian and Equifax contend that they furnished the report due to a credit application with Citibank does not mean that he has adopted the truth of that contention. To the contrary, he specifically alleges it is false. *See Bey*, 2021 WL 1853231, at *4.

3

report. But they haven't. If what Equifax and Experian say is missing is required to state a claim for relief, then it would seem that no claim for improper providing of a credit report would ever get out of the starting gate.

The Court concludes that Bey's allegation that the defendants furnished his consumer report to Citibank based on a false pretense is sufficient, for purposes of a Rule 12(b)(6) motion, to state a claim for liability under 15 U.S.C. §§ 1681n or 1681o(a)(1). Bey cannot, however, proceed under section 1681n, for he has alleged no actual damages. Thus his only claim for relief is under section 1681o(a)(1), which will require him to show willful violations on the part of Equifax and Experian.

In sum, the defendants are not entitled to dismissal of Bey's complaint. Bey has sufficiently pleaded a claim against each of them. At this point the inquiry is going to involve what actually happened in connection with Equifax and Experian providing his credit report to Citigroup, and why. If defendants believe they can establish that there was a proper basis for Citigroup to obtain the credit report, or for Experian and Equifax to provide it to Citigroup, they should file a motion for summary judgment.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [dkt. no. 45]. In addition, the Court also denies plaintiff's motion for summary judgment [dkt. no. 54]. which was filed after the end of briefing on the motion to dismiss. The summary judgment motion is a 5-sentence document that is not properly supported as required under Federal Rule of Civil Procedure 56 and Local Rule 56.1. The Court also denies plaintiff's motion for sanctions [dkt. no. 56] and motion to strike [dkt. no. 57] because he has identified no viable basis for such relief. Defendants are directed to

4

answer plaintiffs' amended complaint by no later than January 31, 2022. The case is set for a telephonic status hearing on February 7, 2022 at 8:55 a.m., using call-in number 888-684-8852, access code 746-1053. Finally, the Clerk is directed to correct the caption and title of the case to read "Bey v. Citigroup Investment Inc et al" in light of the dismissal of other previously-named defendants.

Date: January 10, 2022

                                                  MATTHEW F. KENNELLY
                                                  United States District Judge